**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **RILEY MORGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) **Civil Action No. 3:20 cv 835** | |
| **v.** ) | |
| ) **JURY TRIAL IS REQUESTED** | |
| **GERSTENMAIER CONSULTING, LLC,** ) | |
| **d/b/a HG DESIGN STUDIO,** ) | |
| ) | |
| **Defendant.** ) | |

Serve: **W. Barry Montgomery, Esq.**
**Kalbaugh Pfund & Messersmith, PC**
**901 Moorefield Park Drive, Ste 200**
**Richmond, VA 23236**

## COMPLAINT

COMES NOW the Plaintiff, Riley Morgan ("Morgan"), by counsel and pursuant to Federal Rule of Civil Procedure 8(a), and respectfully states the following as its Complaint against Defendant Gerstenmaier Consulting, LLC d/b/a HG Design Studio (the "Defendant" or "HGDS"):

## NATURE OF CASE

1.      This is an action for unpaid overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (hereinafter "FLSA"), to correct and remedy the unlawful employment practices complained of herein.

2.      From September 2018 until August 2020, Plaintiff was employed by Defendant HGDS as a Civil Engineering Intern.  In that position, which Defendant HGDS designated as "nonexempt/hourly," Plaintiff regularly worked more than forty (40) hours per workweek for without receiving overtime compensation for all hours worked, as required by the FLSA.

3. Although HGDS chose to classify Plaintiff's position as non-exempt and paid him overtime wages for some workweeks in which he worked more than forty-five (45) hours, nonetheless it regularly suffered or permitted him to work uncompensated overtime hours in violation of the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of United States, specifically, the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. This Court has personal jurisdiction over Defendant because HGDS is a limited liability company that is registered to business in the Commonwealth of Virginia and regularly conducts significant business within the Commonwealth of Virginia.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the unlawful employment practices alleged herein were committed in the Eastern District of Virginia, and HGDS operates and conducts business in and around the Eastern District of Virginia, which includes Richmond, Virginia.

## PARTIES

7. Plaintiff was employed by Defendant HGDS as a Civil Engineering Intern from on or about September 24, 2018 until on or about August 21, 2020. He is a citizen of the United States and currently resides in Colonial Heights, Virginia.

8. Defendant HGDS is a civil engineering, land planning and landscape architectural firm with its headquarters and principal place of business located at 5701 Grove Avenue, Richmond, Virginia 23226.

9.      Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) at all times relevant hereto.

## FACTUAL ALLEGATIONS

10.     On or about August 27, 2018, Defendant's Managing Partner, Meril B. Gerstenmaier ("Gerstenmaier"), emailed Plaintiff an offer of employment for a Civil Engineering Intern position.

11.     Along with the emailed job offer, Gerstenmaier forwarded to Plaintiff a job description, which outlined the Civil Engineering Intern position.

12.     Defendant's Civil Engineering Intern job description, as tendered to Plaintiff, includes the following statement: "Fair Labor Standards Act (FLSA) Designation: Nonexempt, hourly."

13.     Plaintiff accepted Defendant's job offer with the understanding that, under the FLSA, his position was classified as "nonexempt, hourly."

14.     Shortly after HGDS hired him, Gerstenmaier told Plaintiff that he was "one of [HGDS'] only hourly employees," so he should "keep quiet about it" around the company's other employees.

15.     Plaintiff understood, from statements made by HGDS' management, that HGDS anticipated he would work about forty-five (45) hours per workweek, which Gerstenmaier referred to as the "industry standard."

16.     Throughout his employment with HGDS, Plaintiff regularly worked an estimated eight and one-half- (8.5) to ten- (10) hour days.

17.     Throughout his employment with HGDS, Plaintiff frequently worked more than forty (40) hours per work week, regularly recording between forty and one-half (40.5) and fifty-six (56) hours in a workweek.

18.     During his employment, HGDS did not pay Plaintiff overtime wages for all of the hours he worked over forty (40) per workweek.

19.     During some workweeks in which he worked more than forty-five (45) hours, HGDS paid him extra wages, labeled "miscellaneous pay" on his pay stub, but those wages did not compensate him at his overtime rate of pay for all of the hours he worked over forty (40) in a workweek, as required by the FLSA.

20.     On or about March 16, 2020, Plaintiff emailed Gerstenmaier, copying Defendant's Director of Engineering Charlene Harper ("Harper"), stating: "Since Monday, January 6th, I have worked 26.5 hours of overtime.  I have only been paid $96.63 of overtime since the beginning of 2020, and I'm not sure how far back this has been happening . . . ." Plaintiff then asked Gerstenmaier for assistance in understanding his missing overtime wages.

21.     In response, Harper emailed Plaintiff, stating, "Your overtime pay benefit is based on straight time for hours in excess of 45 hours a [sic] week.  The summary below is of weekly time since January.  Overtime would have kicked in for the 3 extra hours worked in the 2nd week."

| 3/16/2020<br>9:26 AM | | HG Design Studio<br>Time Entered by week | | | | | | Page | | 1 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Selection Criteria | | | | | | | | |
| Slip.Date<br>Prof.Selection | | 1/1/2020 - 3/7/2020<br>Include: Riley Morgan | | | | | | | | | |
| Professional | Week 52<br>2019 | Week 1<br>2020 | Week 2<br>2020 | Week 3<br>2020 | Week 4<br>2020 | Week 5<br>2020 | Week 6<br>2020 | Week 7<br>2020 | Week 8<br>2020 | Week 9<br>2020 | Weekly<br>Totals |
| Riley Morgan | | | | | | | | | | | |
| Hours | 25.00 | 40.00 | 48.00 | 41.50 | 43.00 | 43.50 | 43.50 | 41.00 | 40.50 | 42.00 | 408.00 |

22.     Harper's response purported to include a summary of Plaintiff's "Time Entered by week" from January 1, 2020 to March 7, 2020.  According to Harper's summary, Plaintiff recorded more than forty (40) hours of work per week in eight (8) of the nine (9) reported weeks between January 1, 2020 and March 16, 2020.

23.     At all relevant times, HGDS subjected Plaintiff to a pay policy whereby he was suffered or permitted to work in excess of 40 hours per week without receiving full overtime compensation for those hours.

24.     At all times relevant hereto, Defendant knowingly and intentionally deprived Plaintiff of the overtime pay to which he was entitled under the FLSA or acted with reckless disregard for Plaintiff's rights under the FLSA.

## COUNT I - Violation of the FLSA, 29 U.S.C. § 207
## Failure to Pay Overtime Compensation

25.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.     At all times relevant hereto, Plaintiff was an "employee" of the Defendant, as that term is defined by 29 U.S.C. §203(e)(1).

27.     At all times relevant hereto, the Defendant was an "employer" of the Plaintiff as that term is defined by 29 U.S.C. §203(d).

28.     At all times relevant hereto, Defendant chose to classify Plaintiff as "non-exempt" from the overtime pay requirements of the FLSA; thus, Plaintiff was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

29.     During the course of Plaintiff's employment, Defendant never re-classified Plaintiff's position from "nonexempt; hourly" to "exempt."

30.     During the course of Plaintiff's employment, Defendant sometimes paid him what it referred to as an "overtime benefit," which was comprised of "straight time" wages for hours worked in excess of forty-five (45) in a workweek.  Defendant labeled these overtime wages "miscellaneous pay" on Plaintiff's paystubs.

31.     Defendant failed to pay Plaintiff his overtime rate of pay for the time he worked beyond forty (40) hours in a workweek.

32.     At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA.

33.     At all times relevant hereto, Defendant knew or should have known that it chose to designate Plaintiff's position as "nonexempt; hourly" and that, therefore, Plaintiff was subject to and eligible to receive overtime pay under the requirements of the FLSA.

34.     Defendant is estopped from denying that it designated his position as

35.     At all times relevant hereto, Defendant knew or should have known that Plaintiff worked more than forty (40) hours per work week without receiving overtime pay for all of the overtime hours he worked.

36.     Defendant's knowing and intentional failure to pay overtime compensation to Plaintiff was willful and not in good faith.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award the following relief:

a.   money damages for all unpaid overtime compensation;

b.   liquidated damages in an amount equal to the award of damages pursuant to 29 U.S.C. § 216(b);

c.   pre-judgment and post-judgment interest;

d.  entry of a declaration that Defendant has violated Plaintiff's rights under the Fair Labor Standards Act by failing to compensate him for overtime hours worked on behalf of Defendant;

e.  reasonable attorneys' fees and costs incurred in bringing this action; and

f.  any and all further relief as permissible by law or as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for any and all issues proper to be so tried.

Respectfully,

RILEY MORGAN,

By Counsel

/s/ NICHOLE BUCK VANDERSLICE
Nichole Buck Vanderslice (VSB #42637)
*Email: nvanderslice@nbvlaw.com*
LAW OFC OF NICHOLE BUCK VANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920
*Counsel for Plaintiff Riley Morgan*